UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § <br> vs. § § § <br> KURT RANDALL BRYANT § <br> Defendant. § | Criminal No. H-19-335 |

### PLEA AGREEMENT

The United States of America, by and through Ryan K. Patrick, United States Attorney for the Southern District of Texas, and Sherri L. Zack, Assistant United States Attorney, and the defendant, Kurt Randall Bryant ("Defendant"), and Defendant's counsel, Dennis Hester, pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

#### Defendant's Agreement

1. Defendant agrees to plead guilty to Counts 2, 3, and 4 of the Indictment. Count 2 charges Defendant with **Distribution of Child Pornography**, in violation of Title 18, United States Code, Section 2252A(a)(2)(B) and 2252A(b)(1). Count 3 charges Defendant with **Receipt of Child Pornography**, in violation of Title 18, United States Code, Section 2252A(a)(2)(B) and 2252A(b)(1). Count 4 charges Defendant with **Possession of Child Pornography**, in violation of Title 18, United States Code, Section 2252A(a)(5)(B) and 2252A(b)(2). Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential

to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

## Punishment Range

2. The **statutory** maximum penalty for each violation of Title 18, United States Code, §§ 2252A(a)(2) and 2252A(b)(1), is a term of imprisonment of not less than 5 years and not more than 20 years and a fine of not more than $250,000.00. The **statutory** maximum penalty for a violation of Title 18, United States Code, Section 2252A(a)(5)(B) and 2252A(b)(2), is imprisonment for up to 10 years and a fine of not more than $250,000.00. Additionally, under both Counts 2, 3, and 4, Defendant may receive a term of supervised release after imprisonment of at least 5 years to life. *See* Title 18, United States Code, sections Section 3583(k). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(k). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

4. Pursuant to Title 18, United States Code, Section 3014(a)(3), the court determines that the Defendant is a non-indigent person, the Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of five thousand dollars ($5000.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District clerk's Office, P.O. Box 61010, Houston, TX 77208, Attention: Finance.

### Immigration Consequences

5. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

### Waiver of Appeal and Collateral Review

6. Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event

3

Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

7. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his/her guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

8. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

9. The United States agrees to each of the following:

(a)    If Defendant pleads guilty to Counts 2, 3, and 4 of the indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the indictment at the time of sentencing;

(b)    If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move

4

under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

### United States' Non-Waiver of Appeal

10. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e) to appeal the sentence imposed or the manner in which it was determined.

### Sentence Determination

11. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has

consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Rights at Trial

12. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

>   (a)     If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.
>
>   (b)     At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and
>
>   (c)     At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

**Factual Basis for Guilty Plea**

13. Defendant is pleading guilty because he is in fact guilty of the charges contained in Counts 2, 3, and 4 of the Indictment. If this case were to proceed to trial, the United States could prove each element of the offenses of receipt and possession of child pornography beyond a reasonable doubt. The following facts, among others would be offered to establish the Defendant's guilt:

From 1/23/2019 to 2/11/2019, SA Grant FBI task force Salt Lake City, was connected to the Internet in an undercover capacity. He used a software program to record the online activity, chats, and images identified within KiK. SA Grant had posted numerous online bulletin messages on specific social media forums, which, based on his training and experience, as well as information gathered from other sources, are websites frequented by persons who have a sexual interest in children and incest. The bulletin messages were intended to attract individuals with a sexual interest in children. SA Grant responded to certain messages or posted messages on these public forums and provide his undercover KiK screen name.

From 1/23/2019 to 2/11/2019, an individual with the KiK profile name "teachme.pls", "deep.inside" & "pleasuremaschine" was found to have a sexual interest in children and answered SA Grant's advertisement by sending a KiK message. All three of the users were later identified as using the same IP addresses. The KiK users were also members of a known child pornography group called "Yum Yum #t.rading" where thousands of images and videos of child pornography were being shared via links. The Defendant was one of the users in this KiK group receiving child pornography. SA Grant also contacted these users one on one outside of the group. These three users posted numerous Mega links that contained videos and images of child pornography.

7

The rules of the group states:

1. Send video or link to admin
2. No boy links
3. Mega or Dropbox
4. Any age
5. DO NOT PM EACH OTHER TO TRADE
6. SEND EVERYTHING TO GROUP
7. If you read the rules say quak

Thousands of videos and images of child rape were sent via links, described as nude infant, toddler, and prepubescent age children being sexually abused by adults and other children. SA Grant downloaded only a sample of the videos and images from some of the links posted by these three KiK users due to the large volume and size of the contents. Below is a description of 1 file contained within the Mega link sent by the Kik user "teachme.pls" on or about January 23, 2019:

    a) **Videos (70).3GP-** This is a video file that is 37 seconds in length depicting a minor female, who appears to be under the age of 12, being orally penetrated by an adult male's penis.

On or about January 30, 2019, the KiK user "Deep.Inside.", shared a total of five Mega links within the KiK group called "Yum Yum #t.rading". One Mega link contained over 4GB worth of data containing over 200 files. Your affiant has reviewed the material contained within the Mega link and determined several of the files depict child pornography as defined by Title 18, United States Code, Section 2256. Below is a description of 1 file contained within the Mega link sent by the Kik user "Deep.Inside." on or about January 30, 2019:

8

  **a)** - -**(8).wmv-** This is a video file that is 59 seconds in length depicting a minor female, who appears to be under the age of 5, being orally penetrated by an adult male's penis. The same activity was documented for the "pleausremachine" user on Kik. Where a link was shared containing the following video.

  **a) 2055539.jpg-** This is an image file depicting a minor female, who appears to be under the age of 14, engaged in a pose where the minor female's genitals are exposed in a lewd and lascivious manner.

  The FBI sent a subpoena to KIK requesting subscriber data for the three previously mentioned accounts. The response from KIK identifies the most recent and consistent IP addresses for the last 30 days belonging to Comcast. The Kik subscriber data revealed the same IP addresses and device being used by all three accounts as follows:

Teachme.pls –
First name: 8
Last name: Ball
Email: tastemypenis69@gmail.com
User name: teachme.pls
Registration device: Android, LGL82VL
IP address: 98.199.241.97 (Comcast)

pleasuremachine –
First name: Fun
Last name: Thyme
Email: skuidbilly@gmail.com
User name: pleasuremachine
Registration device: Android, LGL82VL
IP address: 73.6.134.25 (Comcast)

Deep.inside –
First name: Kurt
Last name: …
Email: lick.my.butt.baby@gmail.com
User name: pleasuremachine
Registration device: Android, LGL82VL

9

IP address: 98.199.241.97 and 73.6.134.25 (Comcast)

FBI sent a subpoena to Comcast requesting subscriber information for the two IP addresses above. Comcast provided the subscriber information as belonging to:

Robert Thames
13502 Utica St.
Houston, TX 77015
713-689-0583

Database searches for people connected to that address, IP logs, information obtained from KIK and obtained during chats lead law enforcement to believe that the person utilizing the three mentioned Kik usernames is Kurt Bryant who is associated with the above mentioned address. One of the IP addresses was also identified in another FBI investigation.

On April 3, 2019, SA Robert Guerra obtained a Federal search warrant for the above mentioned address. The warrant was executed on April 12, 2019.

On that date, Kurt Bryant was identified and interviewed. Three items were seized pursuant to the search warrant, a Sandisk Micro SD card, an Apple iPhone and an LG cellular phone. These items were submitted to the RCFL for processing.

In a post *Miranda* statement, the Defendant then acknowledged he was the individual with the three Kik usernames above and he recognized several of the child pornography files contained within the Mega links he had sent via Kik. The Defendant claims he started looking at child pornography a couple of months before the search warrant was executed. He claimed the agents would not find anything on the LG phone and did not have any of the links stored anywhere. He indicated he used Mega to store child pornography. He could not recall how many Mega

10

accounts he had but stated he had created several. The Defendant said he had traded as recently as two weeks prior to the interview and he recognized the child pornography shown to him. He also indicated that no one else at the residence was responsible for any child pornography that might be found. The Defendant admitted that the LG phone found in his room was the one he used to trade child pornography. He knows child pornography is illegal and he is not really into child pornography, he is into women who like younger boys. He stated his preference is over 12 and he views both boys and girls but prefers girls.

SA Guerra also obtained, from a Dropbox account belonging to the Defendant, over 80 images and videos of child pornography which the Defendant possessed. The images and videos in the Dropbox account traveled in interstate and foreign commerce. The LG cell phone used by the Defendant was manufactured outside the state of Texas. The internet is a means and facility of interstate and foreign commerce.

## Breach of Plea Agreement

14. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

### Restitution, Forfeiture, and Fines – Generally

15. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

16. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

17. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his/her assets to deliver all funds and records of such assets to the United States.

18. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Restitution

19. Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction. Defendant stipulates and agrees that as a result of his criminal conduct, the victim(s) incurred a monetary loss in an amount to be determined either before sentencing or within 90 days of the sentencing hearing. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s) pursuant to Title 18, United States Code, Section 2259(b)(2). Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 6 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

### Forfeiture

20. Defendant stipulates and agrees that the property listed in the Indictment's Notice of Forfeiture (and in any supplemental Notices) is subject to forfeiture, and Defendant agrees to the forfeiture of that property. In particular, but without limitation, Defendant stipulates that the following specific property is subject to forfeiture:

An LG Model LGL82VL cellular phone.

21. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

22. Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

23. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

### Fines

24. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

### Notification of the Sex Offender Registration and Notification Act

25. Defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where he resides; where he is an employee; and where he is a student. The Defendant understands that the requirements for registration include providing his name, his residence address and the names and addresses of any places where he is or will be an employee or a student, among other information. The Defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three (3) business days after any change of residence, employment, or student status. Defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. §2250, which is punishable by a fine or imprisonment, or both.

## Complete Agreement

26. This written plea agreement, consisting of 17 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

27. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at __Houston__, Texas, on __June 22__, 20__20__.

_____
Defendant

Subscribed and sworn to before me on __June 22__, 20__20__.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:
Ryan K. Patrick
United States Attorney

By: _____            _____
Sherri L. Zack                                 Dennis Hester
Assistant United States Attorney               Attorney for Defendant
Southern District of Texas

15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § | |
| vs. § § | Criminal No. H-19-335 |
| § § | |
| KURT RANDALL BRYANT § | |
| Defendant. § | |

**PLEA AGREEMENT -- ADDENDUM**

I have fully explained to Defendant his/her rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____          June 22, 2020
Attorney for Defendant                       Date

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual

16

which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____      _____June 22, 2020_____
Defendant                                                                    Date